# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAIL PIJENKO, | ) |
|         Petitioner, | ) 1:07-cv-01897-OWW-TAG HC |
|    v. | ) FINDINGS AND RECOMMENDATIONS |
| | ) REGARDING MOTION TO DISMISS FOR |
| MICHAEL MUKASEY, etc. et al., | ) MOOTNESS (Doc. 1) |
|         Respondents. | ) ORDER REQUIRING OBJECTIONS TO BE |
| | ) FILED WITHIN FIFTEEN DAYS |

**PROCEDURAL HISTORY**

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition alleges that Petitioner, a native of Kazakhstan and subject to a final order of removal to that country, has been continuously detained by Respondent since June 26, 2007. (Doc. 1, p. 4). Petitioner alleges that his continued detention violates his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment to the Constitution and is a violation of Respondent's statutory authority. (Doc. 1, p. 5).

On January 24, 2008, the Court issued an Order to Show Cause why the petition should not be granted. (Doc. 9). On March 13, 2008, Respondent responded to the Order to Show Cause and also submitted a copy of Petitioner's Alien file. (Docs. 10 & 12). On March 25, 2008, Respondent filed the instant motion to dismiss, contending that the petition is now moot because Petitioner has been released from custody. (Doc. 13).

///

**DISCUSSION**

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States. . .." 28 U.S.C. § 2241(c)(3). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991)(quoting Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S. Ct. 1827 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. However, the petition must "allege facts concerning the applicant's commitment or detention," 28 U.S.C. § 2242, and the Petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990). If it may be conclusively determined from the face of the petition that Petitioner is not entitled to relief on the grounds alleged, then the petition must be dismissed. Peterson v. Wilson, 373 F.2d 737, 738 (9th Cir.1967); Rule 4 of the Rules Governing § 2254 Cases.[1]

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the Court is required to make a preliminary review of each petition for writ of habeas corpus. "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief," the Court must dismiss the petition. Rule 4 of the Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490. 491 (9th Cir.1990).

In the instant case, the only issue properly before this Court is the constitutionality of Petitioner's detention by Respondent,[2] and the only relief which the Court could afford to

---

[1] The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. See, Rule 1(b) of the Rules Governing § 2254 Cases.

[2] On May 11, 2005, Public Law 109-13 was enacted. Section 106 of that law (i.e., "RIDA"), is entitled "Judicial Review of Orders of Removal." Section 106 amends 28 U.S.C. § 1252, providing in pertinent part as follows:
"Notwithstanding any other provisions of law (statutory or non-statutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision...a petition for review filed in an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e)...."
The plain language of Section 106 thus divests the federal district court of jurisdiction in habeas corpus cases involving challenges to a final order of removal, deportation, or exclusion, and places exclusive jurisdiction for judicial review of such orders in the federal appeals court for the district in which the removal order was issued. Thus, unlawful detention is the only issue this Court has jurisdiction to consider under RIDA.

1 Petitioner in these proceedings is an order releasing him from custody, in the event that the Court
2 determined that his continued detention by the United States Bureau of Immigration and Customs
3 Enforcement ("ICE") indeed was unlawful.
4       Respondent has submitted documents indicating that on March 17, 2008 Petitioner was
5 released from ICE custody on an order of supervision, thereby rendering Petitioner's sole
6 complaint in these proceedings–i.e., illegal detention--moot.  (Doc. 13-2).  There being no further
7 relief that this Court can grant to Petitioner, the Court recommends that Respondent's motion to
8 dismiss be granted and that the petition be dismissed as moot.

## **RECOMMENDATIONS**

10       Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus
11 (Doc. 1), be DISMISSED as MOOT.
12       These Findings and Recommendations are submitted to the United States District Judge
13 assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of
14 the Local Rules of Practice for the United States District Court, Eastern District of California.
15 Within fifteen (15) days after being served with a copy, any party may file written objections
16 with the Court and serve a copy on all parties.  Such a document should be captioned "Objections
17 to Magistrate Judge's Findings and Recommendations."  The District Judge will then review the
18 Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that
19 failure to file objections within the specified time may waive the right to appeal the District
20 Judge's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

22 IT IS SO ORDERED.
23 Dated:   **May 27, 2008**                                    **/s/ Theresa A. Goldner**
                                                            UNITED STATES MAGISTRATE JUDGE

3